JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MANDALA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA LAW ENFORCEMENT<br>ASSOCIATION, et al.,<br><br>　　　　Defendants. | NO. CV 07-01354 SJO (JWJx)<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION FOR REMAND;** [Docket No. 18]<br>**AND DENYING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT**<br>[Docket No. 21] |

　　　This matter is before the Court on Plaintiff Christopher Mandala's Motion for Remand, filed December 3, 2007, and Defendant California Law Enforcement Association's ("CLEA") Motion for Summary Judgment, filed December 4, 2007. The parties filed oppositions and replies to both Motions. The Court found these matters suitable for disposition without oral argument and vacated the hearings set for January 14, 2008. *See* Fed. R. Civ. P. 78(b). Because CLEA's disability plan is not governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), Mandala's Motion to Remand is GRANTED and CLEA's Motion for Summary Judgment is DENIED as moot.[1]

---

[1] Both Mandala's Motion for Remand and CLEA's Motion for Summary Judgment discuss whether CLEA's disability plan is governed by ERISA. Because some arguments relevant to this issue are presented only in the summary judgment briefs, the Court occasionally cites to those briefs and the evidence entered in support of those briefs.

I.  BACKGROUND

In 1998, while serving as a police officer for the Los Angeles Police Department (the "LAPD"), Mandala was diagnosed with multiple sclerosis. Mandala submitted disability claims to the LAPD and LAPD's workers compensation carrier. As a member of the Los Angeles Police Protective League ("LAPPL"), Mandala had previously elected to enroll in the CLEA Long Term Disability Plan (the "Plan").

Upon receipt of Mandala's disability claim, the LAPD approved him for "non-industrial" disability retirement, which pays higher benefits than "industrial" disability retirement.[2] Following the LAPD's designation, CLEA approved Mandala for non-industrial benefits under the Plan.

While pursuing his workers compensation claim, Mandala was examined by several physicians, one of whom indicated that Mandala's disability was industrial in nature. Mandala then withdrew his worker's compensation claim, preventing the California Workers Compensation Appeals Board from concluding whether Mandala's disability was industrial or non-industrial. Shortly after Mandala withdrew his claim, the CLEA plan administrator changed Mandala's disability designation to industrial, which lowered the benefits Mandala could receive.

Based on this change in disability classification, Mandala filed an action for breach of contract in Los Angeles County Superior Court against CLEA seeking benefits under the Plan. CLEA removed Mandala's case to this Court under 29 U.S.C. § 1132(e)(1), which provides federal courts with jurisdiction over claims to recover benefits under the terms of an ERISA plan.

Now, Mandala moves to remand for lack of subject matter jurisdiction, asserting that the Plan is not governed by ERISA. CLEA moves for summary judgment, arguing that ERISA preempts Mandala's state law claims.

---

[2] As the names suggest, industrial disabilities result from circumstances related to work activity, while non-industrial disabilities do not.

II. DISCUSSION

    A.    <u>The ERISA Statutory Framework</u>

ERISA applies to "employee benefit plan[s]," 29 U.S.C. § 1003(a), which come in two varieties – "employee welfare benefit plans" and "employee pension plans," 29 U.S.C. § 1002(3). Here, the parties dispute whether the Plan is an employee welfare benefit plan. ERISA defines the term "employee welfare benefit plan" as "any plan . . . established or maintained by an employer or by an employee organization, or by both, . . . for the purpose of providing for its participants or their beneficiaries . . . benefits in the event of . . . disability." 29 U.S.C. § 1002(1).

As the party invoking federal jurisdiction, CLEA bears the burden of showing that the Plan is an employee welfare benefit plan. *See Rattlesnake Coalition v. U.S. Envtl. Prot. Agency*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007) ("Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."). To succeed, CLEA must demonstrate: (1) the Plan was established or maintained by an employer, an employee organization, or both; and (2) the Plan was established or maintained for the purpose of providing its members with disability benefits. *See* 29 U.S.C. § 1002(1); *see also Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 977 (5th Cir. 1992) ("As this language suggests, there are two elements to an ERISA plan . . . .").

    B.    <u>Because CLEA Is Not an "Employees' Beneficiary Association," the Plan Is Not Governed by ERISA</u>.

An ERISA plan must be established or maintained by an employer, an employee organization, or both. 29 U.S.C. § 1002(1). The parties agree that CLEA is not an employer (Mot. Remand 8; Opp'n Remand 6), focusing their dispute as to whether CLEA is an "employee organization."

ERISA defines "employee organization" to include two types of organizations: (1) "any organization . . . in which employees participate [that] exists for the purpose, in whole or in part, of dealing with employers concerning . . . matters incidental to employment relationships"; and (2) "any employees' beneficiary association organized for the purpose in whole or in part, of establishing [an employee benefit] plan." 29 U.S.C. § 1002(4). The parties agree that CLEA is not an organization that deals with employers concerning employment matters. (*See* Mot. Remand

3

11; Opp'n Remand 7.) Rather, the parties dispute whether CLEA is an "employees' beneficiary association," a term not defined by ERISA.

Because ERISA does not define the term "employees' beneficiary association," this Court looks to the criteria used by the Department of Labor (the "DOL") – the agency charged with administering and enforcing ERISA's provisions – for guidance, as many courts have done. *See Hanson*, 170 F. Supp. 2d at 972-73 (analyzing an organization's status as an employees' beneficiary association in light of DOL opinion letters).

### 1. The DOL Uses Four Criteria to Determine If an Organization Is an Employees' Beneficiary Association.

The DOL has consistently used four criteria to determine whether an entity is an "employees' beneficiary association." *See* ERISA Op. Letter 79-19A, at 2 (March 15, 1979). These criteria include:

(1) membership in the association must be conditioned on employment status – for example, membership is limited to employees of a certain employer or union;

(2) the association has a formal organization, with officers, bylaws or other indications of formality;

(3) the association generally does not deal with employers; and

(4) the association is organized for the purpose of establishing a welfare or pension plan.

*Id.*

Here, the parties do not dispute that CLEA satisfies Criteria (2) and (3) (R. Floyd Decl. Ex. A § 3.01; Mot. Remand 11; Opp'n Remand 7). Accordingly, whether CLEA is an "employees' beneficiary association" turns on whether CLEA meets Criterion (1) – that membership in the association is conditioned on employment status – and Criterion (4) – that the association is organized for the purpose of establishing a welfare or pension plan.

### 2. CLEA Does Not Meet Criterion (1).

"This first criterion requires an association's members to have some commonality of interest with respect to their employment relationships." ERISA Op. No. 84-23A, 1984 ERISA LEXIS 25,

at *3. "This commonality of interest involves more than mere employment or union membership." *Id.* This requirement has developed through both DOL opinion letters and cases, yet still remains an unclear area of the law. *See Desrosiers v. Hartford Life & Accident Ins. Co.*, 354 F. Supp. 2d 119, 125 (D.R.I. 2005) ("There is little case law interpreting the phrase [employees' beneficiary association]."). A review of the relevant DOL opinion letters and cases provides some rough boundaries as to what is and is not a sufficient commonality of interest.

Extremely broad classes of individuals are not sufficiently common, such as: (1) all employees in a state, *see* ERISA Op. Letter No. 77-59A, 1977 ERISA LEXIS 24; *Bell v. Employee Sec. Ben. Ass'n*, 437 F. Supp. 382 (D. Kan. 1977); (2) all members of all labor and trade unions, *see* ERISA Op. Letter No. 84-23A, 1984 ERISA LEXIS 25; (3) all employees of various employers in the railroad industry, *see* ERISA Op. Letter No. 90-11A, 1990 ERISA LEXIS 10; and (4) all employees of religious employers, *see* ERISA Op. Letter No. 83-50A, 1983 ERISA LEXIS 9.

In addition, classes of individuals that include persons who may be self-employed or employers themselves do not have a sufficient commonality of interest. For example, dentists, lawyers, and golfers all may be self-employed. *See Greenwood v. Hartford Life Ins. Co.*, 471 F. Supp. 2d 1049, 1052 (C.D. Cal. 2007) (dentists); *Fierro v. Commercial Life Ins. Co.*, No. 99-3333, 2000 U.S. Dist. LEXIS 18296, at *10 (E.D. La. Dec. 11, 2000) (lawyers); *Baucom v. Pilot Life Ins. Co.*, 674 F. Supp. 1175, 1177 (M.D.N.C. 1987).[3]

On the other hand, broad classes of individuals who fall under a larger umbrella employer have a sufficiently common interest, such as: (1) all non-military employees of the federal government, *see* ERISA Op. Letter No. 80-63A; (2) all federal employees in a geographic region, *see* ERISA Op. Letter No. 89-20A; and (3) all active and retired LAPD police officers, *see* ERISA Op. Letter No. 95-25A (advising that ERISA did not cover this plan on grounds other than lack of commonality); and (4) all active and retired employees of the City of Los Angeles, *see Hanson*, 170 F. Supp. 2d at 972-73.

---

[3] Because Mandala's Motion can be decided on other grounds, the Court finds it unnecessary to resolve the question of whether employers participate in CLEA.

5

The Eighth Circuit was the first circuit court to address what commonality of interest is sufficient to support ERISA coverage. *See Wis. Educ. Ass'n Ins. Trust v. Iowa State Bd. of Public Instruction*, 804 F.2d 1059 (8th Cir. 1986). Because ERISA plans are "grounded on the premise that the entity that maintains the plan and the individuals that benefit from the plan are tied by a common economic or representation interest unrelated to the prevision of benefits," the Eighth Circuit excluded from ERISA coverage a plan that included employees unaffiliated with the participating labor union. *Id.* at 1063.

Since the *Wisconsin Education* decision, two circuits – and several district courts – have followed its holding. *See, e.g.*, *Gruber v. Hubbard Bert Karle Weber, Inc.*, 159 F.3d 780, 787 (3d Cir. 1998); *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 185 (5th Cir. 1992); *Castiglione v. U.S. Life Ins. Co.*, 262 F. Supp. 2d 1025, 1032 n.9 (D. Ariz. 2007) (finding that the plan provider "did have a direct economic relationship to [the plaintiff] that was unrelated to the provision of benefits"). No circuits have held to the contrary.

The facts of this case are closely analogous to the facts in *Wisconsin Education*. In *Wisconsin Education*, a teacher union provided a benefit plan. 804 F.2d at 1060. However, the union opened membership in its plan to all individuals employed by the school districts with union teachers. *Id.* Many of these individuals, such as administrators and maintenance workers, were not members of the union. *Id.* at 1060-61. Even though all of these individuals were employees, "[t]he only relationship between the sponsoring labor union and these non-member recipients stem[med] from the benefit plan itself." *Id.* at 1063. "Such a relationship is similar to the relationship between a private insurance company . . . ." *Id.* Based on these findings, the teacher union's benefit plan was not governed by ERISA.[4]

Here, CLEA is structured similarly despite having multiple participating associations. CLEA opens membership in the Plan to members of various law enforcement associations. (R. Floyd Decl. Ex. A § 4.03.) However, a law enforcement officer whose association does not participate

---

[4] The Eight Circuit's conclusion accorded with the DOL's determination that the teacher union's plan was not an "employees' beneficiary association." ERISA Op. Letter 85-02A, 1985 ERISA LEXIS 42.

in CLEA may still become a CLEA member and subscribe to the Plan as an "Eligible Individual Participant." (R. Floyd Decl. Ex. A §§ 4.03, 4.07.) These Eligible Individual Participants are similar to the administrators and maintenance workers in *Wisconsin Education*.[5] Their only relationship to CLEA "stems from the benefit plan itself." 802 F.2d at 1063. As in *Wisconsin Education*, there is no commonality of interest unrelated to the provision of benefits to bring the Plan within ERISA's coverage.

Still, CLEA argues that a sufficient commonality of interests exists because all peace officers share special characteristics. Peace officers "enjoy statutory benefits" under California law, have common medical and disability needs, and are held to a higher standard of conduct when off-duty. (MSJ 12-14.) As a threshold matter, CLEA's proposed commonality concerns only the members of CLEA. It says nothing about the relationship with which ERISA is primarily concerned – the relationship between CLEA and its members. Still, even if the common characteristics of peace officers were sufficient, CLEA contains members who are not peace officers, such as crime scene investigators.[6] Inclusion of these members breaks the commonality CLEA urges the Court to find.

Accordingly, CLEA is not an employees' beneficiary association under the DOL's criteria and the existing caselaw.

---

[5] The presence of these Eligible Individual Participants also distinguishes a case upon which CLEA relies, *Int'l Ass'n of Entrepreneurs of Am. Benefit Trust v. Foster*, 883 F. Supp. 1050 (E.D. Va. 1995). In *Foster*, the court noted that "'the representational link between employees and an association of employers in the same industry who establish a trust for the benefit of those employees also supplies the requisite connection.'" *Id.* at 1057 (quoting *MDPhysicians*, 957 F.2d at 186). Here, the Eligible Individual Participants are not linked to CLEA through their employers.

[6] Despite the heading "CLEA members, all being sworn California peace officers, have sufficient commonality of interests" in its brief in support of summary judgment (MSJ 11), CLEA admits in a footnote that not all its members are sworn peace officers. (MSJ 13 n.4.) About 1% of CLEA's members are non-sworn employees of law enforcement agencies. (MSJ 13 n.4.)

III.   RULING

Because the Plan is not governed by ERISA, Mandala's Motion for Remand is GRANTED.[7] CLEA's Motion for Summary Judgment is DENIED as moot. This case is REMANDED to Los Angeles County Superior Court.

IT IS SO ORDERED.

Dated this 24th day of June, 2008.                    /S/ S. James Otero

                                                                        S. JAMES OTERO
                                                              UNITED STATES DISTRICT JUDGE

---

[7] Because CLEA's removal was not objectively unreasonable, *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), Mandala's request for attorney fees is DENIED.

8